UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DAVID SCOTT                             CIVIL ACTION NO. 14-CV-2752

VERSUS                                  JUDGE WALTER

JOHN FERALD GENE VEILLON                MAGISTRATE JUDGE HANNA

### *Report and Recommendation*

This matter came before the undersigned for a *sua sponte* jurisdictional review. Finding that the plaintiff has not borne his burden of establishing the court's subject-matter jurisdiction, the undersigned recommends that the action be DISMISSED WITHOUT PREJUDICE for the reasons which follow.

On September 29, 2014, David Scott filed his Original Complaint for damages in this court, asserting federal jurisdiction over the action presumably because the parties are diverse in citizenship. The person seeking to invoke the jurisdiction of the federal court-in this case, the plaintiff-has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case.[1] In addition to the conclusory statement that "[B]oth jurisdiction and venue are appropriate in the Western District of Louisiana, Lafayette Division", the plaintiff sets out that he is a citizen of Texas and the defendant is a *resident* of Louisiana.

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).


[Rec. Doc. 2]. When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[2] Even accepting the allegations of citizenship as sufficient for purposes of determining jurisdiction, those assertions do not end the jurisdictional inquiry as the plaintiff must also (1) demonstrate that it is facially apparent that his claims are likely above $75,000, or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3]

The plaintiff seeks "relief against his former landlord for libel and slander arising from his false and malicious allegations against Plaintiff that he stole an end table from Plaintiff's apartment that he leased from Defendant" and failure to return Plaintiff's deposit and utility refund. [Rec. Doc. 2, ¶¶1, 11-12, 15]. The pleadings contain the plaintiff's conclusory allegations that as a result of the incident described and the defendant's alleged actions, he "seeks an award of damages within the jurisdictional limits of this Court to compensate him for his reputational, character, and mental anguish damages in amount not exceeding $1,000,000.00. In addition, Plaintiff also seeks an award of unlimited punitive damages against Defendant." [Rec. Doc. 2, ¶¶19,23]. Except for a reference to a disputed security deposit and the plaintiff's claim for return of the deposit of

---

[2]   *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[3]   *St. Paul Reinsurance*, 134 F.3d at 1253.

$350.00, along with attorney fees and any statutory damages allowed for failure to return a security deposit, no other detail is provided.

The complaint offers no factual detail regarding the plaintiff's alleged mental anguish and reputational damage, and he likewise offers no explanation, authority or any legal basis whatsoever for an award of punitive damages. To the extent the plaintiff's claims are based on state law, there is no claim for punitive damages.

A *Sue Sponte* Briefing Order was issued on November 6, 2014, calling upon the plaintiff to set forth "specific facts in controversy which support a finding that the jurisdictional amount threshold is satisfied," and instructing that [s]upporting documentation and/or affidavits are advisable." [Rec. Doc. 10, p. 3]. On November 30, 2014, Plaintiff filed a Memorandum Pursuant to Briefing Order[Rec. Doc. 11]. In two sentences, Plaintiff declared:

> NOW INTO COURT, comes Plaintiff, David Scott, who will not contest dismissal on the basis of subject matter jurisdiction. Plaintiff respectfully requests simply that the Court defer entry of final judgment for 30 days to allow Plaintiff to file his petition in state court.

The defendant made no reply. Thus, the Court is left with the original complaint and the plaintiff's declaration that he will not contest dismissal based on lack of subject matter jurisdiction.

-3-

## Legal Analysis and Discussion

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[4] In diversity cases, the plaintiff must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount[5] by setting forth the facts that support a finding of the requisite amount.[6] A federal court has the continuing duty to examine jurisdiction throughout a proceeding, concomitantly raising the issue *sua sponte* if need be.[7] If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action, since it has no authority to proceed further with an adjudication of the issues on their merits. Fed. R. Civ. P. 12(h)(3).

The mere allegation in a complaint that the plaintiff is demanding amounts in excess of the jurisdictional threshold is not necessarily sufficient to invoke the diversity jurisdiction of this Court. The claim of the plaintiff must be made in

---

[4] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[5] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

[6] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[7] *United States v. Muhammad,* 165 F.3d 327, 330 (5th Cir.1999).

legal good faith. "Dismissal of a diversity action for want of jurisdiction is justified *only where it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount.*"[8] "In making that determination the district court may look, not only to the face of the complaint, but to the proofs offered by the parties."[9] If the complaint states a proper amount in controversy, then the court should generally not dismiss the case for want of jurisdiction "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' "[10] It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

In the instant case, the plaintiff's reference in the pleadings that his claims for reputational, character, and mental anguish damages do not exceed $1,000,000.00 and his claim for an award of unlimited punitive damages against the defendant are not factually supported in the pleadings, and in response to the undersigned's briefing order, the plaintiff submitted no summary-judgment-style

---

[8] *Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1012(5th Cir. 1979) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845(1938); *Burns v. Anderson,* 502 F.2d 970(5th Cir. 1974).(emphasis added).

[9] *U.S. Fire Ins. Co. v. Villega*, 242 F.3d 279, 283(5th Cir. 2001).

[10] *Nat'l Union Fire Ins. Co. v. Russell*, 972 F.2d 628, 630(5th Cir. 1992)(quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L. Ed.2d 890(1961). See also *Bruno v. Martin*, 2008 WL 2148466, at *1(E.D.Tex.May 20, 2008).

evidence on the jurisdictional amount question. Instead, he essentially consented to dismissal of his case based on a lack of subject matter jurisdiction. That does not settle the question, since a party may neither consent to nor waive federal subject matter jurisdiction.[11]

Once a court has concluded that the amount in controversy is not facially apparent, as this Court has, the party invoking the court's jurisdiction must present facts, supported by summary-judgment-type evidence, proving by a preponderance of the evidence that an amount exceeding $75,000 is in controversy.[12] The plaintiff presented no such evidence and has not satisfied that burden, despite having been afforded the opportunity to do so, presumably conceding that the value of his claim does not reach the jurisdictional threshold. Accordingly, it is RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days

---

[11] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850(5th Cir. 1999).

[12] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 6th day of April, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge

COPY SENT:

DATE: 4/7/2015
BY: EFA
TO: DEW
bj